IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02539-RMR-KAS

MALE EXCEL MEDICAL, P.A., a Florida professional association, and
MALE EXCEL, INC., a Nevada corporation,

    Plaintiffs,

v.

ALFRED TREXLER, individually,
JEFFREY FELL, individually,
SULIT GROUP, LTD., a Colorado corporation,
VERO INVESTMENT COMPANY, a Colorado corporation,
JAFT VENTURES, LLC, a Colorado limited liability company, and
NATIONAL RESEARCH AND POLLING GROUP, LTD., a Colorado limited liability company,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Motion to Dismiss the Complaint** [#26] (the "Motion"). Plaintiffs filed a Response [#39] in opposition to the Motion [#26] and Defendants filed a Reply [#43]. The Motion [#26] has been referred to the undersigned. *See Order Referring Motion* [#37]. The Court has reviewed the briefing, the entire case file, and the applicable law.

    For the following reasons, the Court **RECOMMENDS** that the that the Motion [#26] be **DENIED WITHOUT PREJUDICE**.

# I. Background

**A.     Plaintiffs' Allegations**

This matter is an alter ego/veil piercing action "to enforce a judgment entered in favor of [Plaintiffs] against non-party judgment debtor Signia Marketing, Ltd. ("Signia"), in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-20-816167-B (the "Nevada Action")." *Compl.* [#1], ¶ 1. In the Nevada Action, Plaintiffs Male Excel Medical, P.A., and Male Excel, Inc., had claimed they hired Signia to provide various sales and marketing services, but Signia had inflated sales figures and overcharged them. *Id.*, ¶¶ 21-22. On August 23, 2023, Plaintiffs obtained a judgment of more than $2 million against Signia and more than $1.1 million in costs and attorney fees. *Id.*, ¶ 1.

On September 27, 2023, Signia filed for bankruptcy under Chapter 11 in United States Bankruptcy Court for the District of Colorado, Case No. 23-bk-14384-TBM (D. Colo. 2023) (the "First Bankruptcy Case"). *Id.*, ¶ 2. Through bankruptcy-related discovery, Plaintiffs allegedly learned that "Signia was never a properly operated corporate entity with a personage separate and distinct from that of the Defendants" but was a "sham entity dominated and controlled by" Defendants as alter egos. *Id.*, ¶ 3.

Plaintiffs allege that Defendants Jeffrey Fell ("Fell") and Alfred Trexler ("Trexler") own and control Signia through their shared ownership of Defendants Sulit Group, Ltd. ("Sulit"), which they each own 50%, and Vero Investment Company, which Defendant Fell owns outright. *Id.*, ¶¶ 40-43. Sulit allegedly owns 80% of Signia, while Vero owns 20%. *Id.*, ¶ 39. Finally, Defendants JAFT Ventures, LLC, ("JAFT") and National Research and Polling Group, Ltd. ("NRPG") are alleged "sister affiliates" of Signia which are also owned by Defendants Trexler and Fell through Defendants Sulit and Vero. *Id.*, ¶¶ 45-48.

2

Plaintiffs allege that Signia was not operated as a distinct entity but as an alter ego of its owners—for example, it shared employees, an attorney, and an accounting firm with Defendants Sulit and Vero. *Id.*, ¶¶ 50-59. Plaintiffs claim that Signia, Sulit, Vero, JAFT, and NRPB all purportedly operate out of the same N. Speer Blvd. address even though Signia has never rented space at that location. *Id.*, ¶ 60-64. Plaintiffs allege that Signia engaged in various commercially unreasonable and dubious transactions (such as a lease agreement and revolving promissory notes) with the other Defendant entities and that Signia and Defendants commingled funds. *Id.*, ¶¶ 65-105. Additionally, they claim that the Defendants maintain inadequate corporate records that are subject to change by Defendants Fell and Trexler even years later. *Id.*, ¶¶ 106-17. In sum, Plaintiffs allege that Defendants have engaged in "rampant misuse of the corporate form" including lack of capitalization and disregard of the corporate form, all to frustrate Plaintiffs' rightful claim against Signia. *Id.*, ¶ 120.

Plaintiffs claim that the judgment they obtained in the Nevada Action cannot be satisfied with Signia's current assets and that Defendants now claim to be creditors based on the lease agreement and promissory notes it signed with them. *Id.*, ¶¶ 132-33. They allege that the "intercompany relationships and transactions Fell and Trexler are responsible for appear to be fraudulent in nature or, at the very least, entered into for the specific purpose of reducing the appearance of Signia's profitability and draining its assets to evade future collection by [Plaintiffs]." *Id.*, ¶ 137. They ask the Court to pierce the corporate veil and "hold[] Defendants, and each of them, liable for the acts of the business entity." *Id.*, ¶ 149. They also seek a declaratory judgment "to hold Defendants,

3

and each of them, jointly and severally liable for the obligations of Signia, including the Nevada Judgment." *Id.*, ¶ 154.

**B.     Subsequent History**

On February 8, 2024, after it was unable to receive an extension of time to file its Chapter 11 plan, Signia moved to dismiss the First Bankruptcy Case, but it indicated that it was "likely that the Debtor would soon file a subsequent Subchapter V chapter 11 case after dismissal." *See Motion* [#26] at 3, ¶ 4 (citing *Motion to Dismiss Case for Other Reasons* [#208], *In re Signia, Ltd.* (*Signia I*), No. 23-bk-14384-TPM (D. Colo. Feb. 8, 2024)). On June 12, 2024, the Bankruptcy Court granted Signia's motion to dismiss and dismissed the First Bankruptcy Case. *See Order Granting Debtor's Motion to Dismiss* [#354], *Signia I*, No. 23-bk-14384-TPM (D. Colo. June 12, 2024).

On June 20, 2024, Signia filed a new bankruptcy petition. *See Chapter 11 Subchapter V Voluntary Petition for Non-Individual* [#1], *In re Signia, Ltd.* (*Signia II*), No. 24-13438-TBM (D. Colo. June 20, 2024) (the "Pending Bankruptcy Case"). Plaintiffs filed a Proof of Claim in the Pending Bankruptcy Case, asserting a claim of $4,469,565.48 against Signia. *See Non-Individual List of Creditors* [#4], *Signia II*, No. 24-13438-TBM (D. Colo. June 20, 2024). The Defendants also filed Proofs of Claim in the following amounts: (1) NRPG for $610,494.46; (2) JAFT for $533,839.79; (3) Sulit for $2,449,708.08; Trexler for $54,642.50; and Vero for $17,855.00. *See Chapter 11 Small Business Balance Sheets* [#7, #8, #9, #10], *Signia II*, No. 24-13438-TBM (D. Colo. June 20, 2024); *List of Equity Security Holders* [#11], *Signia II*, No. 24-13438-TBM (D. Colo. June 21, 2024).

On September 16, 2024, two things happened—though the Court has no way to know which happened first: Plaintiffs filed their Complaint [#1] in this matter, and Signia

4

and Defendants executed a Settlement Agreement by which Signia would release Defendants from, among other things, any claims or causes of action sounding in fraudulent transfer; "fraud of any kind"; breach of fiduciary duty; and alter ego causes of action." *See Settlement Motion* [#26-1] at 11, § 2.03.[1] On September 17, 2024, Signia moved for the bankruptcy court to approve the Settlement Agreement. *See Motion to Approve Settlement Agreement Between Signia and Related Entities* [#109], *Signia II*, No. 24-13438-TBM (D. Colo. Sept. 17, 2024).

The next day, September 18, 2024, Signia filed a Complaint for Declaratory and Injunctive Relief into Bankruptcy Court, initiating *Signia, Ltd. v. Male Excel Medical, P.A.* (*Signia III*), Case No. 24-ap-01214-TBM (the "Adversary Proceeding"). *See Adversary Case Complaint* [#114], *Signia II*, No. 24-13438-TBM (D. Colo. Sept. 18, 2024). Plaintiffs moved to dismiss the Adversary Proceeding, which was ultimately granted upon the Court's finding that the alter ego and veil piercing claims against Defendants did not belong to the bankruptcy estate. *See Motion to Dismiss Adversary Proceeding* [#14] & *Order Granting Motion to Dismiss* [#21], *Signia III*, No. 24-ap-01214-TPM (D. Colo. Oct. 18, 2024). Finally, on December 10, 2024, the Bankruptcy Court held a hearing on Signia's Settlement Motion and set an in-person, evidentiary hearing on the Settlement Motion to commence on March 31, 2025. *See Minutes of Proceeding* [#166], *Signia II*, No. 24-13438-TBM (D. Colo. Dec. 10, 2024). The Bankruptcy Court denied Signia's Settlement Motion, finding that it was neither fair nor equitable. *See Memorandum*

---

[1] The Settlement Motion [#26-1] attached to Defendants' Motion [#26] includes the Settlement Agreement as an exhibit, at pages 8-15 of the document. The Court cites to the page number of the combined document rather than the Settlement Agreement's native page number.

5

*Opinion After Trial on Motion to Approve Settlement Agreement Between Debtor and Related Entities* [#312], *Signia II*, No. 24-13438-TBM (D. Colo. Aug. 1, 2025).

**C.    Defendants' Motion [#26]**

In the instant Motion [#26], Defendants seek dismissal on two grounds. First, Defendants allege that this Court lacks subject matter jurisdiction to entertain this action because the issue of whether Plaintiffs' alter ego/veil piercing claims belong to Signia's bankruptcy estate falls only within the purview of the Bankruptcy Court. *See* [#26] at 7-15. As such, Defendants contend that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Second, Defendants argue that Plaintiffs' case ought to be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 because Signia, the debtor, is an indispensable party to this litigation. *Id.* at 15-23. As Defendants see it, without Signia's joinder, this case cannot proceed. *See id.* In their Response [#39], Plaintiffs argue that this Court has jurisdiction over the alter ego/veil piercing claims because, under Colorado law, alter ego/veil piercing claims are not property of the debtor's estate. *See Response* [#39] at 10-13. Plaintiffs further argue against 12(b)(7) dismissal because Plaintiffs' prior judgment against Signia does not make Signia a necessary or indispensable party to this action. *See generally id.* at 18-26.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a case if a party fails to join a required party under Federal Rule of Civil Procedure 19. *See* FED. R. CIV. P. 12(b)(7); *N.H. Ins. Co. v. TSG Ski & Golf, LLC*, No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *2 (D. Colo. Apr. 21, 2022). Thus, the test is laid out in Rule 19. To dismiss under 12(b)(7), the Court must find that "(1) the party is a required person under Rule

6

19(a), (2) joinder of the party is infeasible, and (3) dismissal is appropriate." *See New Hampshire Ins. Co.*, 2022 WL 1184547, at *2 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014)). Rule 19(a) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" is a required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

When reviewing a Rule 12(b)(7) motion, "a court must accept all factual allegations in the complaint as true and draw all inferences in favor of the non-moving party." *Leago v. Ricks*, No. 20-cv-03297-NRN, 2021 WL 1192939, at *7 (D. Colo. Mar. 30, 2021). The movant "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). The moving party may satisfy its burden under Rule 12(b)(7) by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (internal quotation marks omitted).

### III. Analysis

**A.     Defendants' 12(b)(1) Argument**

Defendants ask the Court to dismiss the Complaint [#1] under Rule 12(b)(1) because, they argue, the Bankruptcy Court has exclusive jurisdiction over whether Plaintiffs' claims are property of Signia's bankruptcy estate—that is, whether Signia can pierce its own corporate veil. *Motion* [#26] at 7-15. On May 14, 2025, the Bankruptcy Court issued an Order granting Plaintiffs' motion to dismiss the Adversary Proceeding initiated by Signia. *Order Granting Motion to Dismiss* [#21], *Signia III*, No. 24-ap-01214-TPM (D. Colo. May 14, 2025). In Plaintiffs' motion, they argued that that their alter ego/veil piercing claims are not property of the bankruptcy estate. *Motion to Dismiss* [#14] at 10-18, *Signia III*, No. 24-ap-01214-TPM (D. Colo. Oct. 18, 2024). The Bankruptcy Court agreed, ruling that these claims "are not [Signia's] property as a matter of Colorado law." *See Order Granting Motion to Dismiss* [#21] at 24-25, *Signia III*, No. 24-ap-01214-TPM (D. Colo. May 14, 2025). Given the Bankruptcy Court's ruling that these claims do not belong to Signia's bankruptcy estate, the 12(b)(1) portion of Defendants' Motion [#26] is moot.

As such, the Court **recommends** that Defendants' Motion [#26] be **denied as moot** to the extent premised on 12(b)(1).

**B.     Requested Dismissal Pursuant to 12(b)(7)**

Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19, arguing that Signia is an indispensable party to this litigation. Thus, the only question that remains pending before this Court is whether Signia is a necessary and indispensable party, such that this case cannot not proceed in Signia's absence.

The first step of the Rule 19 analysis requires the Court to determine whether Defendants have shown that Signia is a "necessary" or "required" party. FED. R. CIV. P. 19(a). If a party can satisfy Rule 19(a), it is a required party—which is also sometimes referred to as a necessary party.[2] *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 n.3 (10th Cir. 2012). If a party is required, then Rule 19(b) determines whether that required party is also indispensable. *See id*. Put differently, a party that is not required cannot be an indispensable party, but a required party is not always an indispensable party. *See* FED. R. CIV. P. 19(a)-(b). Therefore, if Signia is not first deemed required under Rule 19(a), then it cannot be found to be an indispensable party to this litigation under Rule 19(b).

1. **Rule 19(a)(1)(A): Can the Court Accord Complete Relief Among the Existing Parties?**

One basis on which a party may be a required party is if, "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). A court can afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief." *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001); *see also Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.,* 320 F.3d 1081, 1097 (10th Cir. 2003) (analyzing whether the district court could grant the plaintiff all the relief that it sought on its claims among those already parties to the case).

---

[2] The 2007 amendments deleted the term "indispensable" party from the text of Rule 19(b), but an indispensable party "is still used to denote a required party in whose absence the action cannot proceed." *Harnsberger*, 697 F.3d at 1278 n.3; *see* FED. R. CIV. P. 19 (2007 advisory committee notes).

Defendants do not argue that Signia is a required party pursuant to Rule 19(a)(1)(A). The Court nonetheless finds that Signia is not a required party under this subpart of the Rule because the Court can afford complete relief to Plaintiffs against Defendants in the absence of Signia. *See* FED. R. CIV. P. 19(a)(1)(A). Further, case law has established that non-debtor defendants can provide complete relief to plaintiffs who bring suit claiming alter-ego theories of liability based upon the plaintiffs' previous judgment against the debtor. *See UET RR, LLC v. Comis*, No. 14-cv-01237-RPM, 2015 WL 5770831, at *8 (D. Colo. Oct. 2, 2015) (finding that plaintiffs could recover from non-debtor defendants in alter ego/veil piercing action); *Long v. Levinson*, 374 F. Supp. 615, 618 (S.D. Iowa 1974) (finding that "complete relief [could] be accorded to the parties without the presence of the [judgment debtor]" in action where plaintiff sought to satisfy prior judgment obtained against debtor by piercing the veil against a non-debtor defendant).

Signia's absence from the instant case would not prevent the district court from according complete relief among the parties because Plaintiffs' action focuses solely on the liability of the alleged alter-ego Defendants, and Signia's absence would not prevent Plaintiffs from receiving their requested relief. If such liability against Defendants is established, the Court cannot find any adverse impact upon Signia by determining that Defendants are responsible for its debt. As in *Long*, "[t]here is no further relief that could be granted without the presence of the corporation than with its presence." 374 F. Supp. at 619; *Gregg v. Am. Quasar Petroleum Co.*, 121 F.R.D. 681, 682 (D. Colo. 1988) (finding that defendants would have complete relief "if they recover on the [counterclaim] and are successful in defense of the case"). Finding that Signia is not required pursuant to Rule

19(a)(1)(A), the Court will turn to the remainder of the Rule 19 analysis to determine whether Signia is, in fact, a required party.

### 2. Rule 19(a)(1)(B)(i): Does Signia Claim an Interest Relating to the Subject of this Action, and, if so, Would Disposition of This Action Impair or Impede its Ability to Protect that Interest?

To satisfy Rule 19(a)(1)(B)(i), the Court must find that Signia claims an interest relating to the subject of this action and is so situated that disposing of the action in Signia's absence may, as a practical matter, impair or impede its ability to protect that interest. *See* FED. R. CIV. P. 19(a)(1)(B)(i). To determine whether an absent party has an "interest" in an action, a court "must begin by correctly characterizing the pending action between those already parties to the action." *United Keetoowah Band of Cherokee Indians of Okla. v. United States,* 480 F.3d 1318, 1326 (Fed. Cir. 2007). "The relevant inquiry for Rule 19(a) is not whether the absent person has an 'interest,' in the broad sense, in the outcome of the litigation, but whether cognizable legal rights of the absent person will be prejudiced by the suit's continuation." *Sac & Fox Nation v. Norton,* 585 F. Supp. 2d 1293, 1303 (W.D. Okla. 2006). When the absent person will not be bound by the judgment and will have "full opportunity to contest" any liability on its part, it does not have an adequate interest under the Rule to make it a necessary party. *Brown v. Chaffee,* 612 F.2d 497, 503 (10th Cir. 1979).

Defendants assert that Signia is a necessary party under Rule 19(a)(1)(B)(i) because it claims an interest in the alter ego/veil piercing claims brought by Plaintiffs in this action. Specifically, Defendants claim that proceeding in this case without Signia will "impede[] Signia's ability to protect its legitimate interest" in Plaintiffs' claims. *See Motion* [#26] at 17-18. Through the briefing, Defendants' argument regarding Signia's interest in

11

this lawsuit appears to hinge largely on their contention that these claims belong to Signia's bankruptcy estate. Indeed, Defendants cite cases that *do* support the argument that a bankruptcy estate is a necessary party when the bankruptcy estate's ownership of a cause of action is being adjudicated by a district court. *See id.* at 16-17; *Alex Charts & Charts Ins. Assoc., Inc. v. Nationwide Mut. Ins. Co.*, 16 F. App'x 44, 45-46 (2d Cir. 2001) (vacating ruling that claim belonged to bankruptcy estate because the bankruptcy estate was not joined as a party to that action); *J. Morco, Inc v. Prentiss Mfg. Co.*, 675 F. Supp. 1039, 1042 (S.D. Miss. 1987) (recognizing that debtor was a necessary party to the case because pending adversary proceeding posed risk of exposing defendant to inconsistent obligations).

If the question of whether Plaintiffs' claims belonged to Signia's bankruptcy estate remained unanswered, then perhaps Defendants' argument would have more merit here. However, as mentioned, the Bankruptcy Court has ruled that Plaintiffs' alter ego/veil piercing claims asserted herein *are not* part of Signia's bankruptcy estate as a matter of Colorado law. *Order Granting Motion to Dismiss* [#21] at 24-25, *Signia III*, No. 24-ap-01214-TPM (D. Colo. May 14, 2025). As such, Signia has no interest in the instant alter ego/veil piercing claims solely on the basis that those claims belonged to its bankruptcy estate.

However, the Court recognizes that "Rule 19, by its plain language, does not require the absent party to actually possess an interest; it only requires the movant to show that the absent party '*claims an interest* relating to the subject of the action.'" *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999) (citing Fed. R. Civ. P. 19(a)) (emphasis in the original); *see also Citizen Potawatomi Nation v. Norton,* 248 F.3d 993,

12

998 (10th Cir. 2001), *modified on reh'g,* 257 F.3d 1158 (10th Cir. 2001). Defendants have not shown that Signia claims an interest relating to the subject of this action. At best, Defendants point to a Settlement Motion that was pending before the Bankruptcy Court when Defendants filed the instant Motion [#26]. *See Motion* [#26] at 17. Relying upon that Settlement Motion, Defendants argue that "[Signia's] interest in being able to approve and consummate a settlement with Defendants would be substantially impaired (if not thwarted entirely)," if this action were to proceed without it. *Id.* at 18. In other words, Defendants assert that a contradictory scenario would necessarily arise if the Bankruptcy Court approves the Settlement Motion and Plaintiffs are nonetheless allowed to proceed on their claims here. However, the Court need not dwell on this concern because the Bankruptcy Court denied Signia's Settlement Motion. *See Memorandum Opinion After Trial on Motion to Approve Settlement Agreement Between Debtor and Related Entities* [#312], *Signia II*, No. 24-13438-TBM (D. Colo. Aug. 1, 2025). Therefore, that concern is moot.

Defendants further argue that Signia's interests in the orderly administration of its bankruptcy estate will be impaired by allowing this action to proceed absent Signia. Defendants assert, for instance, that "a judgment against the Defendants could result in potential indemnification claims, among others, that would augment the total amount of claims at issue in the bankruptcy estate" and, if this case proceeds, that all Signia's other creditors could follow suit and bring similar claims. *Motion* [#26] at 18. The Court also finds this argument unavailing. As Plaintiffs point out, there are no other creditors who have an interest in the underlying claims—these claims belong to Plaintiffs and only Plaintiffs, arising from the Nevada Action. *See Response* [#39] at 23. The alter-ego/veil

13

piercing claims brought by Plaintiffs specifically relate to Signia's alleged abuse of the corporate form with respect to Defendants purportedly shielding assets to prevent Plaintiffs' from recovering against Signia. Signia is not a party here and will not be bound by a judgment rendered by this Court in this action. Signia's liability has already been determined in the Nevada Action, and that liability will remain regardless of the outcome in this litigation. Therefore, the Court finds that Defendants fail to satisfy Rule 19(a)(1)(B)(i). *See Regions Bank v. NBV Loan Acquisition Member LLC*, No. 21-23578-CIV, 2022 WL 1499942, at *6 (S.D. Fla. May 12, 2022) (finding that a judgment debtor was not a necessary party under Rule 19(a) in an alter ego case because "[the judgment debtor] is already on the hook for the supplemental final judgment; that liability will remain no matter the outcome in this litigation. All that might change is that [alleged alter ego defendants] might also become liable."); *Michael W. Dickinson, Inc. v. Keeneland Ass'n, Inc.*, No. CV 5:15-326-KKC, 2017 WL 1160575, at *5-6 (E.D. Ky. Mar. 28, 2017) (denying Rule 12(b)(7) motion where the plaintiff previously obtained a judgment against the corporation and noting that "[the corporation] is not alleged to have caused harm in this case—[the defendant] is.").

    3.    **Rule 19(a)(1)(B)(ii): Would Disposing of this Action Without Signia Risk Exposing Defendants to a Substantial Risk of Incurring Multiple or Inconsistent Obligations?**

Defendants further argue that Signia is a necessary party under Rule 19(a)(1)(B)(ii) because the instant case would "subject the Defendants to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Motion* [#26] at 18 (internal quotations omitted). This subpart of the Rule "compels joinder of an absentee to avoid inconsistent *obligations,* and not to avoid inconsistent adjudications. It

14

is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic." *See Wheeler Peak, LLC v. L.C.I.2, Inc.*, No. 07-1117 JB/WDS, 2009 WL 2982817, at *6 (D.N.M. Aug. 15, 2009) (citing 4 MOORE'S FEDERAL PRACTICE § 19.03[4][d], at 19-59 to 19-60). "Under Rule 19, inconsistent obligations refer to situations where a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Entek GRB, LLC v. Stull Ranches, LLC*, No. 11-cv-01557-PAB-KLM, 2013 WL 1283811, at *3 (D. Colo. Mar. 27, 2013) (citing *Delgado v. Plaza Las Ams., Inc.,* 139 F.3d 1, 3 (1st Cir.1998)).

Once more, Defendants argue that "there will be conflicting rulings imposing mutually exclusive obligations on Signia" if this Court and the Bankruptcy Court were to rule differently as to whether these claims are property of the bankruptcy estate. *Motion* [#26] at 18. Given the Bankruptcy Court's ruling that these claims **do not** belong to Signia's bankruptcy estate, this argument lacks significance and is otherwise moot.

Plaintiffs direct the Court's attention to *UET RR, LLC v. Comis* as being dispositive of this issue. *Response* [#39] at 18. There, the plaintiffs obtained a state court judgment against a debtor. *UET RR, LLC v. Comis*, No. 14-cv-01237-RPM, 2015 WL 5770831, at *1 (D. Colo. Oct. 2, 2015). The plaintiffs subsequently sued the debtor's parent companies, alleging that the debtor was a sham corporation, and sought to recover the state court judgment. *Id.* The defendants moved to dismiss under Rule 12(b)(7), arguing that the plaintiff's failure to join the debtor warranted dismissal because the debtor was an indispensable party. *Id.* at *8. In determining whether the debtor's interests would be impaired or impeded by the instant lawsuit against the corporate shareholders, the court

15

held that "the finality of the [state court] judgment is not such an interest" and that "[p]rinciples of res judicata and collateral estoppel would govern the preclusive effect of that judgment" were the plaintiff to bring a subsequent action against the debtor. *Id.* The *UET RR* defendants further argued that the instant case would "pose[] a risk that they could be held liable in tort or other theories for [the debtor's] obligations." *Id.* The court did not find this persuasive. Instead, the court clarified that "is not the type of risk Rule 19 is designed to avoid," and "[t]he fact that plaintiff—having obtained a judgment against [the debtor] for breach of contract—might also obtain a judgment against these defendants on other theories of liability or subject them to liability for the judgment debt of [debtor], does not show these defendants are subject to risk of an inconsistent obligation." *Id.* Ultimately, the court recognized that the plaintiff would be unable to obtain a double recovery but could still "recover from more than one person if it [could] establish that others are liable for those same damages." *Id.* The court dismissed the defendants' 12(b)(7) motion. *Id.*

The Court finds *UET RR* on point and instructive. As the court recognized there, the fact that Plaintiffs have a prior judgment against Signia and may also obtain a separate judgment against Defendants based on the alter ego/veil piercing theories of liability does not show that Defendants are subject to a risk of inconsistent obligations or double recovery. *Id.* According to Defendants, "[i]f the Settlement Motion is granted . . . but this Court finds that Signia's veil can be pierced . . . Defendants will have one court authorizing a full release of all claims against them, and another court ordering them to pay on those same settled claims." *Motion* [#26] at 19. As noted in Section B.2, *supra*, however, this concern is now nonexistent because the Bankruptcy Court denied the Settlement Motion.

16

*See Sac & Fox Nation,* 240 F.3d at 1259 ("The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria"). The Court therefore finds that Defendants have failed to satisfy Rule 19(a)(1)(B)(ii).

Because the Court finds that Signia is not a necessary party under Rule 19(a), the Court need not inquire whether dismissal is necessary pursuant to Rule 19(b). *See* FED. R. CIV. P. 19(a)-(b). Upon consideration of Rule 19(a), the Court **recommends** finding that Signia is not a necessary party. Defendants have not shown that (1) complete relief cannot be accorded among Plaintiffs and Defendants in Signia's absence; or (2) Signia claims an interest relating to the subject of the action and adjudicating the action in Signia's absence may (i) impair or impede the Signia's ability to protect its interests or (ii) leave Defendants with a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a). Because Signia is not necessary, it cannot be indispensable. Accordingly, the Court finds no basis to dismiss pursuant to Rule 12(b)(7) as Defendants have failed to show that Signia is a necessary party under Rule 19.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendants' **Motion to Dismiss the Complaint** [#26] be **DENIED** to the extent that they seek to dismiss this action pursuant to Federal Rule 12(b)(7) and **DENIED as moot** in all other respects.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that,

"within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 13, 2025                    BY THE COURT:

 

Kathryn A. Starnella
United States Magistrate Judge